

*Andrew T. Houghton*
*212-898-4036*
*andrew.houghton@sdma.com*

January 8, 2010

*Via Electronic Filing and Federal Express*

Hon. Madeline Cox Arleo
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey  07101

Re: *Illinois National Insurance Company v. Wyndham Worldwide Operations, Inc., et al.*, Case No. 2:09-cv-01724
Our File No.: 02331-085411

Dear Magistrate Judge Arleo:

We represent plaintiff Illinois National Insurance Company ("Illinois National") in the above-referenced action.  Further to our letter brief dated December 8, 2009 (the "Letter Brief"), we write to request that the Court address the following additional discovery issues at the currently-scheduled January 27, 2010 conference (the "January 27 Conference") and order the relief as requested below.  We have persistently sought -- but failed -- to resolve these issues informally and we informed Defendants' counsel that we would be making this request if we could not resolve the matters informally by close of business on January 6, 2010.  No resolution was reached given that Defendants' counsel never responded to our request to meet and confer by that date.

## A.   Defendants' Failure to Provide Documents and Information Promised by Them at the Parties' October 20, 2009 Meet and Confer

As we detailed in our Letter Brief, the parties telephonically met and conferred over a variety of deficiencies in Defendants' responses to Illinois National's First Set of Requests for the Production of Documents (the "Requests") on October 20, 2009 (the "October 20 Meet and Confer").  During the October 20 Meet and Confer, Defendants promised to provide the following documents and information to Illinois National:

- documents produced in response to request for production no. 3 in plaintiffs' first set of requests to Wyndham Resort Development Corp. in the action styled *Reimann, et al. v. Wyndham Worldwide Corp., et al.*, Case No. 0902-2219 pending in the Circuit Court of the State of Oregon for the County of Multnomah (the "*Reimann* Action"), which itself arose out of the air crash at the center of this coverage dispute;

- documents and/or communications relating to insurance policies procured by Defendants and/or on their behalf by Jet Aviation International, Inc. pursuant to an Aircraft Management Services Agreement entered into between Jet Aviation and Cendant Operations, Inc. (Defendants' predecessor) on or about December 19, 2001;

- documents and/or communications relating to insurance policies issued to Defendants by StarNet Insurance Company ("StarNet") for the period August 1, 2008 to August 1, 2009, such as those relating to that policy's procurement and any notice of claim made by and/or on behalf of Defendants under that policy;

- whether Defendants have any documents and/or communications in their possession, custody or control responsive to Request No. 27, which sought documents and/or communications relating to any tender, claim, notice of claim and/or proof of loss made by them or on their behalf under any insurance policy issued to Aviation Adventures (*i.e.,* the company from which the Cessna 172K that crashed in Gearhart, Oregon was rented by Wyndham Resort Development Corp. employees Jason Ketcheson and Frank Toohey); and

- a revised privilege log addressing numerous issues which Illinois National raised during the meet and confer, such as deficient descriptions and questionable privilege claims.

Since the October 20 Meet and Confer, Illinois National has attempted to obtain the promised documents and information on at least 5 separate occasions:  October 22, 2009; November 4, 2009; November 24, 2009; December 1, 2009; and December 31, 2009.[1]  In response to each of these attempts (save our November 4 and December 31, 2009 attempts, to which we did not receive any responses), Defendants advised that they were in the process of finalizing a supplemental production and/or were waiting for feedback from their clients in order to "provide a complete response." However, we still have not received any of the documents and information promised to us almost three months ago.  Accordingly, we respectfully request that Your Honor issue an order compelling Defendants to provide the above documents and information by January 31, 2010.

## B. Defendants' Deficient Responses to Illinois National's Discovery Requests

In addition to the failure to provide the above documents and information as promised, Defendants' responses to Illinois National's First Set of Interrogatories (the "Interrogatories") demonstrate that their responses to the Requests were deficient and are deficient in their own right. We raised the following issues by letter to Defendants' counsel dated December 4, 2009 (the "December 4 Letter").[2]  Although Defendants' counsel indicated they would provide a response to the December 4 Letter in a telephone call on December 28, 2009,[3] Defendants have not responded to either the December 4 Letter or a December 31, 2009 email following up on the issues.

---

[1] *See* Exhibits A through E annexed hereto.

[2] *See* Exhibit F annexed hereto.

[3] *See* Exhibit E annexed hereto.

1. **Defendants' Failure to Produce Documents in Response to the Requests**

Request No. 4[4] asked Defendants to produce "All Documents and/or Communications relating to any tender, claim, notice of claim and/or proof of loss made by [them] or on [their] behalf (including, but not limited to, any responses thereto) under any insurance policy referring or relating to the Accident[5] and/or any of the allegations set forth in the Underlying Actions."[6]  Defendants responded to Request No. 4 by referring Illinois National to "Exhibit B" of their document production, which contained a few pieces of correspondence between Defendants and the following persons/entities regarding the Accident and Underlying Actions:  AIG Aviation; Berkley Aviation, LLC ("Berkley"); Safeco Insurance Co. of Oregon; and Jet Aviation.  Based on their responses to the Interrogatories, however, it appears that Defendants' response to Request No. 4 was deficient in at least two respects.

First, documents in our possession, including a July 10, 2009 letter from Theresa Graham, of Dombroff Gilmore Jaques & French (Defendants' counsel in the Underlying Actions), to David Kraus, of XL Insurance Company ("XL"),[7] indicates that Ms. Graham made a claim for coverage under an insurance policy issued by XL to Aviation Adventures (the "XL Policy") on behalf of the Wyndham Defendants' employee who was piloted to Accident aircraft and whom also is a defendant in at least one of the underlying action.  Neither this letter, nor any other correspondence with XL, was disclosed.  Further, Defendants have not responded to inquiry as to whether there is any other correspondence with XL.  We respectfully request that this Court order Defendants to produce all of the documents and/or communications exchanged between them and XL with respect to either the Accident or the Underlying Actions.

Second, Defendants' response to Interrogatory No. 12[8] -- which asked Defendants whether they had made any claim for coverage with respect to the Accident under any of the insurance policies Identified in [their] response to Interrogatory No. 1" (including insurance policies issued by StarNet to Defendants for the periods August 1, 2007 to August 1, 2008 and August 1, 2008 to August 1, 2009 (the "StarNet Policies")) -- suggests that they wrongfully withheld documents and/or communications exchanged between them and either Berkley or StarNet in response to the Requests.  Specifically, Defendants responded to Interrogatory No. 12 by noting that they had tendered a claim for coverage under the StarNet Policies through both Aon

---

[4] The Requests are annexed as Exhibit C to Illinois National's Letter Brief in Support of Its Motion to Compel, dated December 8, 2009 (the "Letter Brief").

[5] As used in the Interrogatories, "Accident" was defined to mean the crash of the Cessna 172K piloted by Jason Ketcheson that occurred on August 4, 2008 in Gearhart, Oregon that is the subject of the Underlying Actions.

[6] As used in the Interrogatories, "Underlying Actions" was defined to mean the actions styled:  (i) *Masoudi, et al. v. Wyndham Vacation Ownership, Inc.,* Case No. 09/3614 pending in the Circuit Court for the Ninth Judicial District in and for Orange County, Florida; (ii) the *Reimann* Action; (iii) *MetLife Auto & Home v. McDonald, et al.,* Case No. 0905-06447 pending in the Circuit Court of the State of Oregon for the County of Multnomah; (iv) *Marshall v. McDonald,* Case No. 09-2054 pending in the Circuit Court in the State of Oregon for the County of Clatsop; and (v) *Toohey v. Aviation Adventures, LLC, et al.,* Case No. CV-09030653 in the Circuit Court of the State of Oregon for the County of Clackamas.

[7] *See* Exhibit G annexed hereto.

[8] The Interrogatories are annexed as Exhibit E to Illinois National's Letter Brief.

and Berkley and that StarNet had acknowledged and provided coverage.[9]  However, Exhibit B only contained one document between the Wyndham Defendants and either Berkley or StarNet: a letter dated December 15, 2008 from Jeffrey R. Cohen, of Wyndham Vacation Ownership, Inc., to Mark Breitenbach, of AIG Aviation, and Ryan Gould, of Berkley, providing information about the Accident that was presumably sent for purposes of permitting AIG Aviation and Berkley to conduct their coverage analyses (the "December 15 Letter").  Especially insofar as Berkley evidently has both acknowledged and agreed to provide coverage to the Wyndham Defendants with respect to the Accident and Underlying Actions, it is inconceivable that the December 15 Letter was the only document and/or communication exchanged between the Wyndham Defendants and either Berkley or StarNet regarding the availability of coverage under the StarNet Policies.  Consequently, we respectfully request that this Court order Defendants to produce all of the documents and/or communications exchanged between them (or anyone acting on their behalf) and either Berkley or StarNet (or anyone acting on their behalf) with respect to the Accident and Underlying Actions.

## 2.  The Wyndham Defendants' Deficient Interrogatory Responses

In addition to demonstrating Defendants' apparent failure to completely respond to the Requests, and as detailed below, Defendants' responses to at least two Interrogatories were themselves deficient and warrant an order compelling Defendants to provide supplemental responses by January 31, 2010.

First, Defendants responded to Interrogatory No. 10 -- which asked Defendants to "Identify all Persons (including, but not limited to, any claims handler, underwriter, insurance broker, insurance agent and/or other intermediary) with whom [they] communicated with respect to coverage for the Accident" under the XL Policy -- by advising that they "are not aware of any communications by them or on their behalf relating to coverage for the Accident under the XL Policy." As detailed above, however, Ms. Graham provided XL with "Notice of Claim for Defense Costs and Indemnity" on behalf of Defendants' employee and it is therefore likely that other documents and/or communications were exchanged between Defendants (or someone acting on their behalf) and XL (or someone acting on its behalf) regarding the availability of coverage to Defendants for the Accident and/or Underlying Actions under the XL Policy.  Accordingly, we respectfully request that this Court issue an order directing Defendants to both issue a supplemental response to Interrogatory No. 10 and produce all such documents and/or communications exchanged between them and XL Insurance by January 31, 2010.

Second, Defendants responded to Interrogatory No. 16 -- which asked Defendants to both "Identify all Persons who have provided information used in answering these Interrogatories" and "set forth in detail the basis of the Person's knowledge and all Documents and/or Communications upon which the Person relied or referred in answering these Interrogatories" -- by only noting that "representatives of The Wyndham Defendants provided the factual information for the responses and that the legal objections were prepared by counsel."  Notably, paragraph 5 of the Interrogatories' Definitions and Instructions Section instructed Defendants to provide the following information in response to any Interrogatory asking them to identify "persons":  the person's full name, occupation and employer (if any), business and home address, and

---

[9] Defendants' responses to the Interrogatories are annexed as Exhibit F to the Letter Brief.

business and home telephone numbers. Defendants, however, completely disregarded these instructions and simply refused to identify either the individuals who provided information in response to the Interrogatories or the factual bases for those individuals' information. Because the identities of persons who provided factual information in response to the Interrogatories are relevant insofar as they may be deposed in this action, we respectfully request that this Court issue an order directing Defendants to serve a supplemental response to Interrogatory No. 16 by January 31, 2010 disclosing the individuals who provided information.

## C.     Conclusion

For all of the reasons detailed above, Illinois National respectfully requests that this Court both address the issues detailed herein at the January 27 Conference and issue an order requiring that Defendants provide the following supplemental discovery responses and produce additional documents and/or communications as detailed below by January 31, 2010:

1.  the documents and information previously promised in the October 20 Meet and Confer:

    - documents produced in response to request for production no. 3 in plaintiffs' first set of requests to Wyndham Resort Development Corp. in the action styled *Reimann, et al. v. Wyndham Worldwide Corp., et al.*, Case No. 0902-2219 pending in the Circuit Court of the State of Oregon for the County of Multnomah, which itself arose out of the air crash at the center of this coverage dispute;

    - documents and/or communications relating to insurance policies procured by Defendants and/or on their behalf by Jet Aviation International, Inc. pursuant to an Aircraft Management Services Agreement entered into between Jet Aviation and Cendant Operations, Inc. (Defendants' predecessor) on or about December 19, 2001;

    - documents and/or communications relating to insurance policies issued to Defendants by StarNet Insurance Company ("StarNet") for the period August 1, 2008 to August 1, 2009, such as those relating to that policy's procurement and any notice of claim made by and/or on behalf of Defendants under that policy;

    - whether Defendants have any documents and/or communications in their possession, custody or control responsive to Request No. 27, which sought documents and/or communications relating to any tender, claim, notice of claim and/or proof of loss made by them or on their behalf under any insurance policy issued to Aviation Adventures (*i.e.*, the company from which the Cessna 172K that crashed in Gearhart, Oregon was rented by Wyndham Resort Development Corp. employees Jason Ketcheson and Frank Toohey); and

    - a revised privilege log addressing numerous issues which Illinois National raised during the meet and confer, such as deficient descriptions and questionable privilege claims.

2.  All documents and/or communications exchanged between them and XL with respect to either the Accident or the Underlying Actions;

3.   All documents and/or communications exchanged between them (or anyone acting on their behalf) and either Berkley or StarNet (or anyone acting on their behalf) with respect to the Accident and Underlying Actions;

4.   A supplemental response to Interrogatory No. 10 and produce all such documents and/or communications exchanged between them and XL Insurance; and

5.   A supplemental response to Interrogatory No. 16 disclosing the individuals who provided information for Defendants' discovery responses.

Respectfully submitted,

Andrew T. Houghton
Sedgwick, Detert, Moran & Arnold LLP

cc:   Timothy D. Kevane, Esq. (via e-mail)
      Aaron F. Mandel, Esq. (via e-mail)
      Justin N. Kinney, Esq. (via e-mail)
      Danielle DeFilippis, Esq. (via e-mail)