Andrew T. Houghton (*pro hac vice*)
Timothy D. Kevane (*pro hac vice*)
Aaron F. Mandel
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
125 Broad St., 39th Floor
New York, New York 10004
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

Attorneys for Plaintiff
ILLINOIS NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

----------------------------------------------------------X

ILLINOIS NATIONAL INSURANCE
COMPANY,

    Plaintiff,

-vs-

WYNDHAM WORLDWIDE OPERATIONS,
INC.; WYNDHAM WORLDWIDE
CORPORATION; WYNDHAM VACATION
OWNERSHIP, INC.; and WYNDHAM
RESORT DEVELOPMENT CORPORATION,

    Defendants.

----------------------------------------------------------X

Case No.: 2:09-cv-01724-GEB-MCA

**PLAINTIFF ILLINOIS NATIONAL INSURANCE COMPANY'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR
CERTIFICATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

NY/603399v1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................... 2

   A.    As Defendants Are Not Seeking a Determination of Coverage Priority, the Order is a Final Judgment Within the Meaning of 28 U.S.C. § 1291 ............................................ 2

   B.    Defendants' Argument for Denial of Certification Under Rule 54(b) Should be Disregarded, and is Meritless ............................................................................................. 3

CONCLUSION ............................................................................................................ 5

# **TABLE OF AUTHORITIES**

## CASES

<u>Choike v. Slippery Rock Univ. of Pa. of State System of Higher Ed.</u>,
297 Fed. Appx. 138 (3d Cir. 2001)......................................................................................4

<u>Deus v. Allstate Ins. Co.</u>,
15 F.3d 506 (5th Cir. 1994) ...............................................................................................4

<u>Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.</u>,
157 Misc. 2d 198 (N.Y. Sup. Ct. 1993)..............................................................................3

## STATUTES AND COURT RULES

28 U.S.C. § 1291..........................................................................................................1, 2, 3

Fed. R. Civ. P. 19................................................................................................................3, 4

Fed. R. Civ. P. 24...................................................................................................................4

Fed. R. Civ. P. 54(b) ....................................................................................................1, 2, 3, 5

Plaintiff Illinois National Insurance Company ("Illinois National") submits this Reply Memorandum of Law in regard to its motion seeking to have this Court's Memorandum Opinion and Order dated August 23, 2010 (the "Order") granting Defendants' motion for summary judgment and motion to dismiss certified as a final judgment for appeal within the meaning of Federal Rule of Civil Procedure 54(b).

## PRELIMINARY STATEMENT

Defendants' counterclaim alleged that they were entitled to "primary and non-contributory" coverage under the 2008 Illinois National Policy. (Houghton Decl. Exh. B,[1] Counterclaim ¶ 12.) Illinois National denied this claim and asserted defenses. Defendants did not address their coverage priority issue in their motion for summary judgment, and the Order therefore did not address coverage priority. With this apparent claim still pending, Illinois National moved to have the Order certified as a final judgment under Rule 54(b).

Defendants now claim (or confirm) that their Counterclaim never sought a determination of the coverage priority. (Opp. at 2.) As discussed below, in view of Defendants' position, there now appears to be no dispute that the Order is a final judgment within the meaning of 28 U.S.C. § 1291.

Alternatively, Defendants argue that, if the Court views the coverage priority issue as still-pending, the Court should delay Illinois National's appeal while it resolves what Defendants themselves concede is a separate issue involving its non-party insurers and Illinois National has not demonstrated the requisite prejudice necessary to obtain certification under Rule 54(b). (Id. at 2, 5-6.)

---

[1] "Houghton Decl., Exh. __" refers to the exhibits annexed to the Declaration of Andrew T. Houghton in Support of Plaintiff Illinois National Insurance Company's Motion for Certification Under Federal Rule of Civil Procedure 54(b), dated September 2, 2010.

Defendants' contradictory fall-back position that Illinois National should be denied certification under Rule 54(b) need not be considered and, in any case, is without merit.

## ARGUMENT

A. **As Defendants Are Not Seeking a Determination of Coverage Priority, the Order is a Final Judgment Within the Meaning of 28 U.S.C. § 1291**

If Defendants now confirm that its Counterclaim does not involve coverage priority, Illinois National agrees that the Order is final, and the appeal may proceed, without any 54(b) relief needed from the Court.

But Defendants' papers are the latest reflection of a "fast and loose" approach that Defendants (or, more appropriately, Berkley) have repeatedly taken in this case, most alarmingly with discovery (which is not at issue here and which Illinois National will spare the Court). Because of the nature of its response, and the tone, Illinois National -- briefly -- wishes to speak to the issue of Defendants' (Berkley's) latest manipulation. Defendants now state that "it would be patently inappropriate for the allocation issue to be litigated in this matter, particularly when all the insurers are not parties." (Id. at 5).

First, there should be no doubt that Defendants' current contention is entirely contrary to the "primary and non-contributory" allegation contained in their Counterclaim, which it now gives short-shrift. But the statement is especially appalling given prior representations by Defendants that indisputably put coverage priority at issue. Defendants insisted on an elaboration of their "counterclaim" in the parties' Joint Discovery Plan, which detailed the coverage priority issue. (See Docket Entry No. 26 at 2.) Furthermore, Defendants' most recent requests for admission asked Illinois National to admit that it the coverage it provided "was primary and not excess." Defendants now claim to be shocked that anyone could have believed that coverage priority was put at issue by its Counterclaim. By stating now that such a claim is

"patently inappropriate", (but that if it is appropriate, Berkley will intervene), it appears that Defendants tacitly conceded the merits of Illinois National's affirmative defense based upon failure to name necessary parties required under Rule 19.

But, again, whatever the reason for Defendants' flip-flop on its Counterclaim,[2] the effect is the same. Whether Defendants never sought a priority determination in the first place or are now withdrawing the claim as improvidently pled, the lack of the claim renders the issue raised by Illinois National's motion moot.[3] Insofar as Defendants now confirms that they only sought a declaration that they are generally entitled to coverage under the 2008 Illinois National Policy, the Order is ripe for appeal.

### B. Defendants' Argument for Denial of Certification Under Rule 54(b) Should be Disregarded, and is Meritless

Notwithstanding their acknowledgment that the Order qualifies as a final judgment within the meaning of 28 U.S.C. § 1291 and that priority is a wholly separate issue involving different non-parties to this case, Defendants alternatively argue that judicial economy militates against certifying the Order as a final judgment. (Opp. at 5-7.) Defendants' arguments are flawed.

Despite arguing that the issue of priority is a dispute between only its insurers, Wyndham states that it (and maybe Berkley) is prepared to litigate the coverage priority issue. (Id. at 6.) But this presumes that Berkley could now intervene at this late time and that its intervention alone would resolve the procedural defect preventing the Court from entertaining the issue.

---

[2] Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 157 Misc.2d 198, 212 (N.Y. Sup. Ct. 1993) ("Now, like Captain Louis Renault in the movie 'Casablanca', it professes to be shocked, simply shocked, to learn what had been going on").
[3] In view of the "primary and non-contributory" language in Defendants' Counterclaim, Illinois National filed this motion so as not to arrive at the Third Circuit only to be told that the appeal

Any intervention by Berkley would be untimely under Rule 24 given that Berkley has been controlling Defendants' defense of this action from the start and never attempted to intervene even though it alleged coverage priority in its Counterclaim. See Choike v. Slippery Rock Univ. of Pa. of State System of Higher Ed., 297 Fed. Appx. 138, 140 (3d Cir. 2008) (affirming the denial of an attempted intervention 11 months after the proposed intervenor "knew or should have known" of action). Moreover, "[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." Deus v. Allstate Ins. Co., 15 F.3d 506, 526 (5th Cir. 1994). Berkley can adequately protect its interests as respects coverage priority without disrupting what Defendants now claim is a lawsuit that "does not involve insurance allocation issues" and "has never been framed as anything other than an action for a coverage determination and reformation." Moreover, even if Berkley could now intervene in this action, Defendants' Counterclaim still would not properly be before this Court under Rule 19 because all of the relevant parties still would not have not been joined -- such as the insurer which issued the policy covering the accident aircraft under which Defendants should be entitled to coverage (and possibly other insurers).

Moreover, resolving the coverage priority issue is also not the "quick and dirty" endeavor Defendants appear to suggest. Rather, it will require substantial efforts better suited for an entirely separate action, if necessary at all, including ensuring that all of the necessary parties are involved in the litigation. Against this backdrop, the propriety of permitting the Third Circuit to

---

was premature. In hindsight given Defendants' current position, Illinois National was correct to also file its Notice of Appeal.

NY/603399v1                              4

address the reformation and declaratory relief claims, as threshold issues in the case, is the most efficient and sensible approach to resolving the matter.[4]

## CONCLUSION

Based on the foregoing, Illinois National should be permitted to proceed with its appeal of the Order, whether as a final judgment in its own right or as certified under Rule 54(b).

Dated:  October 12, 2010  ILLINOIS NATIONAL INSURANCE COMPANY

By: _____s/ Aaron F. Mandel_____
One of its Attorneys
Andrew T. Houghton (*pro hac vice*)
Timothy D. Kevane (*pro hac vice*)
Aaron F. Mandel
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Fl.
New York, NY 10004
Ph: (212) 422-0202
Fax: (212) 422-0925

---

[4] Defendants also claim that Illinois National is not entitled to have the Order certified as a final judgment under Rule 54(b) because Illinois National has not demonstrated undue prejudice. (Opp. at 7.) Putting aside that prejudice is not one of the specifically-enumerated factors -- let alone a dispositive one -- that courts in this Circuit employ to determine whether to certify a judgment as final within the meaning of Rule 54(b), Illinois National submits that the substantial delay that would result from litigating the coverage priority issue satisfies any prejudice requirement under Rule 54(b). Simply put, there is no reason why Illinois National should be forced to wait months (if not years) to appeal the threshold issue in this case while different parties litigate a subsidiary issue that Defendants themselves acknowledge does not involve them and is better suited for a separate lawsuit involving only the relevant insurers to which the issue pertains. (See id. at 5).

NY/603399v1                                                        5