NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    )
ILLINOIS NATIONAL INSURANCE         )
COMPANY,                            )
                         Plaintiff, )
v.                                  )   Civil Action No. 09-1724 (GEB-DEA)
                                    )
WYNDHAM WORLDWIDE OPERATIONS,       )   **MEMORANDUM OPINION**
INC., WYNDHAM WORLDWIDE             )
CORPORATION; WYNDHAM VACATION       )
OWNERSHIP, INC.; and WYNDHAM        )
RESORT DEVELOPMENT CORPORATION,     )
                                    )
                        Defendants. )
_____ )

**BROWN, Chief Judge**

  This matter comes before the Court upon the motion of Defendants Wyndham Worldwide Operations, Inc., Wyndham Worldwide Corporation, Wyndham Vacation Ownership, Inc., and Wyndham Resort Development Corporation (collectively "Defendants" or "Wyndham") for attorneys' fees and expenses under Rule 4:42-9(a)(6). For the reasons that follow, the Court will grant Defendants' motion and award attorneys' fees and expenses.

**I. BACKGROUND**

  This insurance dispute arises from the August 4, 2008 crash of a Cessna 172 aircraft into a residence in or around Gearhart, Oregon, resulting in the deaths of five people and significant property damage. Plaintiff Illinois National Insurance Company ("Plaintiff" or "Illinois National") had issued an insurance policy to Defendants that, on its face, provided coverage to

1

Defendants for loss resulting from the accident.  Plaintiff filed suit seeking a declaration of non-coverage or, alternatively, reformation of the underlying insurance policy, and Defendants filed a counterclaim seeking a declaration of coverage.  Defendants moved for summary judgment and dismissal of Plaintiff's complaint.  The Court granted Defendants' motions.  Illinois Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc., Civ. No. 09-1724, 2010 WL 3326709, at *5–7 (D.N.J. Aug. 23, 2010).  The matter is now on appeal.  Presently before this Court is Defendants' motion to award attorneys' fees and expenses under New Jersey Court Rule 4:42-9(a)(6).

Attorneys' fees are inherently linked to the underlying legal dispute, but awards of fees do not speak to the merits of such claims.  Therefore, this court retains jurisdiction to award or deny attorneys' fees and expenses.  E.g., Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004); Lancaster v. Independent Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998).

## II.   ANALYSIS

The "American Rule" is the default rule governing payment of attorneys' fees.  Under the American Rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."  Hardt v. Reliance Std. Life Ins. Co., 130 S. Ct. 2149, 2157, 176 L. Ed. 2d 998 (2010).  Therefore, a party seeking attorneys' fees must have statutory or contractual support.  Here, the New Jersey Court Rules have provided an exception to the American Rule, permitting an award of fees "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant."  R. 4:42-9(a)(6).  The issue then is whether Defendants are successful claimants in an action upon a covered policy of insurance within the meaning of the Rule and therefore eligible for attorneys' fees.  If Defendants are eligible for attorneys fees, this Court must then determine whether the attorneys fees requested are reasonable.

Plaintiff contends Defendants are not "successful claimants" within the meaning of Rule 4:42-9(a)(6). (Pl.'s Opp'n Br. at 8.) Supporting this contention, Plaintiff argues (1) the purpose and intent of Rule 4:42-9(a)(6) counsels against Defendants' motion because Defendants' legal fees and costs have been paid by a third-party, and (2) Rule 4:42-9(a)(6) is inapplicable to the present matter because Plaintiff has not been found to have an active duty to defend or indemnify Defendants. (Id.) Plaintiff further contends that the billing rate and the hours billed by defense counsel are unreasonable. (Id.)

   A.  *Successful Claimants*

The Court looks to New Jersey law in determining the scope of the New Jersey Court Rules. In Sears Mortgage Co. v. Rose the New Jersey Supreme Court held that the purpose and intent of Rule 4:42-9(a)(6) is "to discourage groundless disclaimers and to provide more equitably to an insured the benefits of the insurance contract without the necessity of obtaining a judicial determination that the insured, in fact, is entitled to such protection." 134 N.J. 326, 356, (1993) (quoting Guarantee Ins. v. Saltman, 217 N.J. Super. 604, 610 (App. Div. 1987)). There, a closing attorney in a real estate transaction absconded with the buyer's closing funds. The buyer and seller were successful in seeking redress from the title-insurance carrier through litigation. The New Jersey Supreme Court determined the litigation was an action upon an indemnity policy (a title insurance policy) and affirmed the trial court's award of attorneys' fees under the Rule. In doing so, the Sears Mortgage court held that "to deny [the buyer and seller] their counsel fees would be to deny them the benefits of the insurance contract that they achieved as successful litigants." Id.

   Here, Defendants successfully litigated their case before this Court. Illinois National

3

brought an action for declaratory judgment on an indemnity insurance policy.  Wyndham was successful in defeating Illinois National's claims, and this Court recognized that "Wyndham is entitled to insurance coverage as a matter of law."  Wyndham, 2010 WL 3326709, at *6.  It makes no difference, for purposes of Rule 4:42-9(a)(6), that the prevailing party insured was the defendant.  N.J. Guar. Ass'n on Behalf of Midland Ins. Co., 242 N.J. Super. 164, 167 (App. Div. 1990); N.J. Mfrs. Ins. Co. v. Consol. Mut. Ins., 124 N.J. Super. 598, 601–602 (L. Div. 1973).  Nor does it matter that the insurer acted in good faith in denying the claim.  E.g., Baughman v. U.S. Liab. Ins. Co., 723 F. Supp. 2d 741, 747 (D.N.J. 2010) (collecting cases).  The groundless disclaimer advanced by Plaintiff and rejected by this Court falls within the purpose and intent of Rule 4:42-9(a)(6), and Wyndham is a successful claimant.

   *B.  Financing of Expenses*

   Plaintiff next contends that Defendants' motion should be denied because Defendants "have not been funding their own defense of this action."  (Pl.'s Opp'n Br. at 9.)  Defendants do not dispute this assertion, but argue that the source of payment for legal fees is immaterial to a determination of whether or not to award fees. (Defs.' Reply Br. at 4.)

   New Jersey law generally does not require, as a condition precedent to an award of attorneys' fees, that the prevailing party actually paid for the attorneys' fees incurred during the course of litigation.  See, e.g., Sitar Co. v. 222 Realty, Inc., 2005 WL 3211307, at *3 (N.J. Super. Ct. App. Div. Nov. 16, 2005) ("Where a prevailing party is entitled to counsel fees by statute or contract, courts have awarded fees against the losing side regardless of the manner in which the litigation was financed.") (citations omitted); Grow Co. v. Chokshi, 403 N.J. Super. 443, 472 (App. Div. 2008) ("[It is] inequitable for a person or entity ... to be able to avoid its contractual

obligation to pay [attorneys'] fees simply because another has provided financing to the wronged party."); Specialized Med. Sys., Inc. v. Lemmerling, 252 N.J. Super. 180, 187 (App. Div. 1991) ("[A] prevailing party can collect reasonable counsel fees even though he is not otherwise obligated to pay them to his counsel."). Indeed, the purpose behind Rule 4:42-9(a)(6) is not simply to relieve successful insureds of the burdensome costs of litigation, but to discourage resorting to litigation to enforce contracted-for insurance benefits. Sears Mortgage, 134 N.J. at 356. This Court sees no reason why this general rule should not apply to Wyndham, who successfully defended against Illinois National's claims in order to maintain their contracted-for insurance benefits. Consequently, the Court rejects Illinois National's argument in this regard.

    *C. Duty to Defend or Indemnify*

Plaintiff next argues that the application of New Jersey Court Rule 4:42-9(a)(6) is unwarranted because Plaintiff has not been shown to owe Defendants an obligation "to defend or indemnify them." (Pl.'s Opp'n Br. at 10; Doc. No. 101.) This argument similarly fails, because Illinois National did not raise this issue in its affirmative litigation.

Plaintiff relies on W9/PHC Real Estate LP v. Farm Family Casualty Insurance Co., 407 N.J. Super. 177 (App. Div. 2009), for the proposition that Defendants are not entitled to attorneys' fees if the relevant indemnification policy was excess insurance due to the "other insurance" clause in the underlying insurance policy. In W9, a slip-and-fall at a business park gave rise to a tort action. A parallel dispute arose between two insurance companies regarding which of the applicable policies would provide for the defense and indemnification of the alleged tortfeasor. There, the issue of duty to defend was central to the Court's decision. The W9 court reversed the trial court's attorneys' fees award in favor of plaintiff, because the court concluded

that the defendant's insurance policy was excess insurance, and defendant therefore had no duty to pay for the defense of the underlying action.  Because the plaintiff had not recovered indemnity under defendant's policy, the court reasoned that the plaintiff was not a prevailing party entitled to attorneys' fees.  407 N.J. Super. at 202–203.

The present case is distinguishable from W9, because the parties in this case did not present claims based on the allocation of insurance among insurance providers.  Plaintiff, the insurer, merely sought a declaration of non-coverage on the ground that Wyndham was not a named insured, or alternatively reformation.  (Compl. ¶¶ 39, 44–45.)  Conversely, Defendants sought a declaration of coverage under the plain terms of the insurance contract.  (*See* Answer & Counterclaim at 13.)  Defendants prevailed on these claims, with this Court concluding that "Wyndham is entitled to insurance coverage as a matter of law."  Wyndham, 2010 WL 3326709, at *6.  Because Rule 4:42-9(a)(6) serves the dual purposes of providing the insured the benefits of the insurance contract without judicial intervention *and* discouraging groundless disclaimers, see Sears Mortgage, 134 N.J. at 356, the fact that the parties did not litigate the question of insurance allocation does not foreclose an award attorneys' fees to Defendants, who prevailed in the face of Plaintiff's groundless disclaimer.  To the extent that Illinois National seeks to offset any liability under the insurance policy under a theory of "excess insurance," such action would be against the other relevant insurance providers, not the insured.

## III.    ATTORNEYS' FEES

The mere authorization of a shifting of attorneys' fees through court rule or statute does not conclude the inquiry.  "The decision to award counsel fees rests 'within the sound discretion of the trial court.'"  Shore Orthopaedic Group, LLC v. Equitable Life Assurance Soc'y of U.S.,

397 N.J. Super. 614, 623 (App. Div. 2008) (quoting Maudsley v. State, 357 N.J. Super. 560, 590 (App. Div. 2003)).  Defendants seek $725,151.69 in attorneys' fees and costs.  (Defs.' Br. at 4; Doc. No. 99.)  Plaintiff objects to the hourly rates and amount of hours billed by defense counsel.  (Pl.'s Opp'n Br. at 11-29.)

"The general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community."  Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing Blum v. Stenson, 465 U.S. 886, 895-96 & n.11 (1984)).  Defendants, as the parties seeking attorneys' fees, "bear[] the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case."  Smith v. Phila. Housing Auth., 107 F.3d 223, 225 (3d Cir. 1997) (citation omitted).  "The fee applicant's burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community."  Apple Corps Ltd. v. Int'l Collectors Soc'y, 25 F. Supp. 2d 480, 492 (D.N.J. 1998) (citing Washington, 89 F.3d at 1036).  Once this burden has been met, Plaintiff, as the party opposing the fee request, "may contest that prima facie case only with appropriate record evidence," but in the absence of contrary evidence, the fee applicant's requested rate will be applied.  Smith, 107 F.3d at 225 (citations omitted).  "If hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates."  Id. (Citations omitted).

The Court notes that defense counsel, with their opening brief, did not provide external evidence supporting the hourly rates billed by each attorney in the context of the prevailing market rates for the relevant legal community, but defense counsel submitted the declaration of

Sherilyn Pastor with their reply brief. In order to give the parties a full opportunity to address the issue, the Court will permit defense counsel to submit evidence of what constitutes a reasonable market rate for the legal services rendered in this case no later than April 4, 2011. Plaintiff shall submit any contrary evidence on this topic no later than April 18, 2011. The Court will assess the need for an evidentiary hearing on the discrete issue of hourly rates and make a determination of reasonable attorneys' fees in due course.

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Wyndham's motion (Doc. No. 99) for attorneys' fees and expenses under New Jersey Court Rule 4:42-9(a)(6). Defense counsel will have until April 4, 2011 to submit evidence of what constitutes a reasonable market rate for the legal services rendered in this case. Plaintiff will have until April 18, 2011 to submit any contrary evidence. An appropriate form of order is filed herewith.

Dated: March 21, 2011

        /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.