

**Lowenstein Sandler**
ATTORNEYS AT LAW

**Michael David Lichtenstein**
Member of the Firm
Tel 973 597 2408
Fax 973 597 2409
mlichtenstein@lowenstein.com

July 22, 2011

**VIA ECF & FEDEX**

Hon. Garrett E. Brown, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: **Illinois National Insurance Co. v. Wyndham Worldwide Operations, Inc., et al.**
    **Docket No. 09-1724**

Dear Chief Judge Brown:

This firm represents the Wyndham entities in the referenced action. We write in response to Illinois National's July 18, 2011 letter to the Court (the "July 18 Letter"), which essentially is an unauthorized supplemental brief. Wyndham respectfully requests that the Court disregard the July 18 Letter as it is not contemplated by the Court's June 7 Decision and Order [Doc. Nos. 112 & 113], which provided that each party submit *one* brief. However, should the Court decide to consider the substance of the July 18 Letter, Wyndham contends that it lacks merit for three reasons: it (1) mischaracterizes Your Honor's June 7 Decision and Order; (2) it offers no new argument pertaining to supposedly duplicative research by Lowenstein and Coughlin Duffy; and (3) asks the Court for a "re-do" of its June 30 submission.

### I.   ILLINOIS NATIONAL MISCHARACTERIZES THIS COURT'S JUNE 7 DECISION.

Illinois National improperly takes issue with Wyndham's time estimates for tasks that are the subject of the last round of briefing, contending that Wyndham "reargue[d] objections" in contravention of the June 7 Decision. The Court ordered Wyndham to provide Illinois National with unredacted billing records for time entries Illinois National identified as vague, ambiguous, or lacking descriptive entries so that Illinois National could make "specific objections as to these entries." *Illinois Nat'l v. Wyndham*, 2011 WL 2293334, at *10 (D.N.J. June 7, 2011). Wyndham would be able "to respond to any additional objections filed by Illinois National." *Id.* The parties were directed to "limit their arguments to the entries identified . . . as heavily redacted, vague, or missing descriptive entries" and "not to reargue the specific objections decided above." *Id.*

Hon. Garrett E. Brown, U.S.D.J.  July 22, 2011
Page 2

Heeding the Court's direction "not to reargue the specific objections decided above," *id.*, Wyndham forwent recovery of $22,633.80 in fees that pertained to tasks where the Court did not award fees (i.e. Lowenstein's representation of third-party subpoena recipients, "Contingent Claim Work," and "Work Performed as Coverage Counsel").

Because the Court ordered further briefing on entries Illinois National deemed "heavily redacted, vague, or missing descriptive entries," Illinois National's time estimates for these entries were not within the "specific objections decided above." Instead, Illinois National classified these time entries into 11 categories along with its time estimates. With the Court's admonition that failure to contest Illinois National's time estimates "will redound to Wyndham's detriment," *id.* at *4, Wyndham offered its own time estimates for a handful[1] of time entries within Illinois National's 11 categories (that the Court had not ruled on). Further, Wyndham did not "reargue" Illinois National's time estimates that the Court accepted in its June 7 Opinion.

## II.   LOWENSTEIN AND COUGHLIN DUFFY DID NOT PERFORM "EXACTLY THE SAME RESEARCH"

The portion of the July 18 Letter pertaining to "duplication of work" is pure (unauthorized) reply that merely rehashes Illinois National's initial argument. Illinois National's assertion that Lowenstein and Coughlin Duffy performed "exactly the same research" remains misguided.

Wyndham acknowledged that it retained Lowenstein to offer a new legal strategy, which it did resulting in the filing of a dispositive motion and subsequent award of summary judgment. (*See* Banks Decl. ¶ 7 [Doc. No. 103-7].) Having reviewed Coughlin Duffy's research memoranda, Lowenstein conducted further research in support of its own legal strategies – research which led us to file and was incorporated in to the motion for summary judgment. In addition, Lowenstein also had to undertake further research for additional briefing (including responses to Illinois National's submissions), required by Judge Arleo. Contrary to Illinois National's assertion, it is appropriate for attorneys to conduct additional research in connection with further briefing ordered by the Court and to respond to opposing counsel's arguments.

However, should this Court decide that the work performed by Lowenstein duplicates Coughlin Duffy's efforts, Wyndham respectfully requests the Court grant Lowenstein's fees. Awarding Lowenstein's fees is appropriate because the research it performed went into the operative discovery briefs argued and filed before Judge Arleo[2] and it formed the basis for the reformation arguments that prevailed on summary judgment.

---

[1] Wyndham accepted the vast majority of Illinois National's time estimates.
[2] The discovery dispute briefing that commenced March 12, 2010 was argued before Judge Arleo by Lowenstein and Sedgwick on April 14, 2010. At that hearing Judge Arleo ordered additional



Hon. Garrett E. Brown, U.S.D.J.    July 22, 2011
Page 3

### III.   THE COURT SHOULD NOT GRANT ILLINOIS NATIONAL A "RE-DO"

On June 30, Illinois National provided the Court with briefing and exhibits for time entries that it contends remain "vague" or "ambiguous." On the whole, Illinois National generally objected, failing to describe how entries are vague or ambiguous or identify the specific entries it considered objectionable.[3] Ironically, after criticizing Wyndham at the outset of its July 18 Letter for "rearguing" issues it claims Wyndham waived, Illinois National now seeks a re-do of its June 30 Brief, realizing that it failed to provide the Court with specificity. However, that was the whole purpose of this last round of briefing: for Illinois National "to make specific objections to the entries they have identified as having vague, heavily redacted, or missing descriptions." *Id.* at *11. Having failed to do so, it should not be permitted further briefing.

For the foregoing reasons, Wyndham respectfully requests that the Court disregard Illinois National's July 18 Letter, and the arguments therein, and award attorneys' fees and expenses as requested in its July 11 Brief.

Respectfully submitted,

Michael David Lichtenstein

23943/2
07/22/11 17987553.3

cc:    Andrew T. Houghton, Esq. (via ECF)
       Aaron F. Mandel, Esq. (via ECF)

---

briefing (with opening briefs due May 21, 2010); argument on that briefing was scheduled for June 24, 2010, but was cancelled.

[3] This is unsurprising as it appears that the supposedly vague or ambiguous entries are simply miscellaneous time entries Illinois National hopes to avoid paying for. This appears especially so in light of Illinois National's inclusion of time entries that could not possibly be considered vague or ambiguous. *See* Wyndham's July 11, 2011 Brief at 4.

