

ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400
*www.sedgwicklaw.com*   212.422.0202 *phone*   212.422.0925 *fax*

*Andrew T. Houghton*
*212-898-4036*
*andrew.houghton@sedgwicklaw.com*

August 30, 2011

***Via ECF and Federal Express***

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:  *Illinois National Insurance Company v. Wyndham Worldwide Operations, Inc., et al.*
      Case No. 2:09-cv-01724-GEB-MCA

Dear Magistrate Judge Arleo:

We represent Plaintiff Illinois National Insurance Company ("Illinois National") in the above-referenced matter. We received defendants' letter to Your Honor dated August 24, 2011.

Although the mandate of the Third Circuit Court of Appeals has not yet issued, and while we will not address defendants' recitation of this case which we view as inaccurate, we do wish to briefly address defendants' statement regarding the outstanding issues before Your Honor. Defendants suggest that the "discovery disputes before Your Honor are largely moot." This statement is incorrect.

Prior to the Court's decision on August 23, 2010 granting defendants' motion for summary judgment and motion to dismiss, and the subsequent appeal to the Third Circuit resulting in reversal of that decision, several issues regarding discovery sought by Illinois National were pending before Your Honor. These matters were fully briefed and were to be addressed at a hearing scheduled for June 24, 2010. That hearing was adjourned with no new date being set before the August 23 decision. The matters to be addressed included: (1) Illinois National's motion to compel production of documents identified in a privilege log and submitted in camera on May 21, 2010, as well as responses to a limited number of requests for admissions, briefed following the April 14, 2010 hearing; and (2) Illinois National's motion to compel submitted by letter dated May 26, 2010 and briefed by the parties, concerning additional privilege logs and other document production and interrogatory responses by defendants. Contrary to defendants' assertion that the foregoing discovery is moot, it in fact remains relevant to the defendants' argument that reformation is inequitable.

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court for the District of New Jersey
Re: *Illinois National Insurance Company v. Wyndham Worldwide Operations, Inc., et al.*
Augsut 30, 2011
Page 2

Accordingly, while a status conference would be useful, the first order of business would be to reset the June 24, 2010 hearing on Illinois National's pending discovery motions.

Respectfully submitted,

Andrew T. Houghton
Sedgwick LLP

cc:   Michael David Lichtenstein, Esq. (via ECF)

NY/750907v1