

**Lowenstein Sandler**
ATTORNEYS AT LAW

**Michael David Lichtenstein**
Member of the Firm
Tel 973 597 2408
Fax 973 597 2409
mlichtenstein@lowenstein.com

November 7, 2011

**VIA ECF & FEDEX**

The Hon. Garrett E. Brown, Jr., U.S.D.J
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:  **Illinois National Insurance Co. v. Wyndham Worldwide Operations, Inc. et al.
Docket No. 09-1724**

Dear Judge Brown:

This firm represents the Wyndham entities in the referenced action. Wyndham respectfully submits this letter-brief in opposition to Illinois National Insurance Company's ("Illinois National") motion to vacate two <u>interlocutory</u> orders of this Court under Fed. R. Civ. P. 60(b).

## PRELIMINARY STATEMENT

Before the Court of Appeals reversed this Court's grant of summary judgment to Wyndham, the Court entered two orders addressing Wyndham's entitlement to attorneys' fees and costs as allowed by New Jersey Court Rule 4:42-9(a)(6). The first order, entered on March 21, 2011, held that Wyndham was a successful claimant entitled to fees under the Court Rule but ordered further submissions on the reasonableness of the hourly rates charged by Wyndham's counsel. After briefing on that issue, the Court entered its second order, on June 7, 2011, finding the hourly rates charged were reasonable. The Court also ruled on some -- but not all -- of the time-entries. Because some entries were redacted, the Court ordered Wyndham to submit unredacted time-entries to Illinois National and further briefing. Once completed, "[t]he Court will rule on any additional objections and incorporate those revisions into a final fees award." See June 7, 2011 Order [Doc. No. 113]. However, before the Court could enter a "final fees award" the Court of Appeals reversed the summary judgment grant and remanded.[1]

Wyndham opposes Illinois National's motion to vacate the March 21 and June 7 Orders for two reasons. First, Rule 60(b), by its plain and unambiguous terms, only allows vacating a "final

---

[1] For purposes of this motion, Wyndham does not dispute the Procedural History that Illinois National sets forth in its moving brief.

Lowenstein Sandler PC    In California, Lowenstein Sandler LLP                                    www.lowenstein.com

65 Livingston Avenue  Roseland, NJ 07068  Tel 973 597 2500  Fax 973 597 2400              New York  Palo Alto  Roseland

The Hon. Garrett E. Brown, Jr., U.S.D.J                                      November 7, 2011
Page 2

judgment [or] order." Neither of the two interlocutory fee award orders is final. The Court expressly acknowledged this when it contemplated entering a "final fees award" after briefing was completed. Second, and in the alternative, Wyndham proposes that the Court stay the enforcement of the March 21 and June 7 Orders until and unless Wyndham prevails in this Court, rather than vacate them. The Court and both parties invested substantial time and effort addressing Wyndham's entitlement to fees. If the orders are vacated (and Wyndham subsequently prevails on the merits), the Court and Parties will have to unnecessarily re-examine resolved issues (for example, the reasonableness of attorneys' fees). A stay pending resolution of this action promotes judicial efficiency and avoids unnecessary litigation costs.[2]

### ARGUMENT

Wyndham opposes Illinois National's motion because (1) the remedy Illinois National seeks is not permitted by Rule 60(b) and (2) granting the motion could lead to inefficiency and costly re-litigation of issues already decided. Therefore, to ensure compliance with the Rule's contours and in the interests of avoiding needless motion practice if Wyndham prevails, Wyndham respectfully requests that the motion be denied, a decision that "is within the sound discretion of the court." See Lasky v. Cont'l Prod. Corp., 804 F.2d 250, 256 (3d Cir. 1986).

Illinois National's motion should be denied because the March 21 and June 7 Orders are not "final orders" necessary for Rule 60(b)(5) to apply. That rule provides, in pertinent part, that "a court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: . . . (5) . . . it is based on an earlier judgment that has been reversed or vacated." While these fee award orders are, admittedly, based on the Court's summary judgment order that was reversed, a critical element is missing: finality.

Courts recognize that finality is a necessary element for Rule 60(b) to apply. See, e.g., Penn West Assoc. v. Cohen, 371 F.3d 118, 125 (3d Cir. 2004) ("[W]e have held that Rule 60(b) applies only to final judgments and orders." (internal quotation marks omitted).); see also 12 Moore's Federal Practice 3d § 60.23 ("Rule 60(b) does not govern relief from interlocutory orders, that is to say any orders in which there is something left for the court to decide after issuing the order.").

The March 21 and June 7 Orders are not final within the meaning of Rule 60(b). First, in Wyndham's view, this Court expressly acknowledged that the orders were not final when it contemplated entering a "final fees award" after the Parties' additional briefing. Second, for Rule 60(b) to apply to a decision, it must be final for the purposes of appeal. See Penn West, 371 F.3d at 125. "Rule 60(b) must be limited to review of orders that are independently 'final decisions' under 28 U.S.C. § 1291." Id. (citation omitted). A decision is final for appeal

---

[2] A third and related option is for the Court to deny the motion without prejudice and with leave to re-file if this Court resolves the lawsuit in Illinois National's favor.

**Lowenstein Sandler**
ATTORNEYS AT LAW

The Hon. Garrett E. Brown, Jr., U.S.D.J  November 7, 2011
Page 3

purposes if "[f]irst, the decision will resolve all claims presented to the district court. Second, after the decision has issued, there will be nothing further for the district court to do." Id. (citation omitted). The March 21 and June 7 Orders were not appealable. Both orders did not "resolve all claims" and instead, expressly contemplated that there was more "for the district court to do." Further, Illinois National no doubt recognized as much because it did not file a notice of appeal of the Orders.[3]

The three cases that Illinois National cites where fee award orders were vacated under Rule 60(b), while superficially appealing, are all inapplicable. In each of those cases the Court entered a final and appealable fee award, which in some cases was paid, unlike the situation at bar. See California. Med. Ass'n v. Shalala, 207 F.3d 575 (9th Cir. 2000); Kniespeck v. Unum Life Ins. Co. of Am., No. 01-0878, 2009 WL 3320289 (E.D. Cal. Oct. 14, 2009); McDaniels v. Flick, No. 92-0932, 1998 WL 404535 (E.D. Pa. July 14, 1998). In a fourth case that Illinois National cites, also inapplicable, the Court vacated a final appealable award of prejudgment interest. See Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., No. 02-2116, 2007 WL 3231829 (W.D. Pa. Oct. 31, 2007).

In the event the Court is inclined to grant Illinois National some relief, Wyndham proposes that the Court, rather than vacate the Orders under Rule 60(b) or otherwise, simply stay the enforcement of the orders until and unless Wyndham prevails on the merits. Under this alternative, the Orders will remain, but would be held in abeyance. If Wyndham ultimately prevails again, the parties and the Court will pick up on the attorney fees issue where we left off prior to remand. By staying the Orders, instead of vacating them, the Parties avoid re-litigation of fully briefed issues, which would give both parties an opportunity to have a "second bite of the apple."[4] Likewise, judicial efficiency is served; the Court will not have to again review briefing and hand down a decision on issues already decided.

Therefore, we respectfully request that the Court deny Illinois National's motion or, in the alternative, stay the fee Orders until and unless Wyndham prevails. We thank the Court for its consideration.

Respectfully submitted,

Michael David Lichtenstein

---

[3] As a practical matter, Illinois National's motion is needless. The Orders do not impose any duties upon Illinois National in the absence of the "final fees award." As a result, Illinois National suffers no harm or prejudice whatsoever if the Court denies the motion.

[4] We presume the reason Illinois National has sought to stretch Rule 60(b) is because it seeks to re-litigate the March 21 and June 7 Orders sometime in the future.

**Lowenstein Sandler**
ATTORNEYS AT LAW

The Hon. Garrett E. Brown, Jr., U.S.D.J  November 7, 2011
Page 4

23943/2
11/07/11 18662116.2

cc:     Andrew T. Houghton, Esq. (via ECF)

