**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> WYNDHAM WORLDWIDE OPERATIONS, INC; WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; and, WYNDHAM RESORT DEVELOPMENT CORPORATION, <br><br> Defendants. | Civil Action No. 09-1724 <br><br><br> **DECLARATION OF** <br> **JAMES IERVOLINO** |

I, JAMES IERVOLINO, of full age, being duly sworn according to law, do depose and state as follows:

1. I am Vice President of the Risk Management and Insurance Department of Wyndham Worldwide Corporation located in Parsippany, New Jersey. I have been in that position since July 2006. In that position, I am responsible for overseeing and coordinating Wyndham's insurance portfolio.

2. On August 4, 2008 two employees of Wyndham Resort Development Corporation were involved in an airplane accident in Gearhart, Oregon (the "Accident").

3. At the time of the Accident and thereafter, I anticipated that litigation relating to the Accident would follow.

23943/2
04/01/2010 14086390.1

4. Berkley Aviation ("Berkley") provides non-owned aircraft insurance coverage to Wyndham Worldwide through the Corporate Contingent Aviation Liability Policy (No. BA08N1038S) (the "Policy").

5. On or about August 5, 2008 Wyndham placed Berkley on notice of the Accident.

6. On or about August 6, 2008 Berkley accepted its to duty to defend Wyndham under the Policy, without reservation, in lawsuits arising out of the Accident (the "Underlying Actions").

7. I understood that the Berkley Policy provided excess coverage to Wyndham for the Accident if other insurance policies were available. Wyndham had a duty to cooperate with Berkley to pursue additional coverage from other insurance companies, if available. Since the time of the Accident, Wyndham and Berkley have worked together to pursue any additional coverage available to Wyndham.

8. Section IV of the Policy provides that the insured "must cooperate with us in any way relating to your rights and ours under this Policy. Cooperation includes but is not limited to . . . your [Wyndham's] assistance in the enforcement of our rights against any person or organization who/that may be liable to you because of loss or damage for which this Policy provides insurance."

9. After the Accident, I communicated with Berkley and Aon, Wyndham's insurance broker, to discuss the Underlying Actions and insurance coverage issues. Such communications were made at the direction of attorneys in Wyndham's Legal Department or Wyndham's outside Legal Counsel. I relayed the content of my communications to attorneys in Wyndham's Legal Department as directed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: April 2, 2010

James Iervolino

-2-