**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> WYNDHAM WORLDWIDE OPERATIONS, INC; WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; and, WYNDHAM RESORT DEVELOPMENT CORPORATION, <br><br> Defendants. | Civil Action No. 09-1724 <br><br><br> **SUPPLEMENTAL DECLARATION OF JAMES IERVOLINO** |

I, JAMES IERVOLINO, of full age, being duly sworn according to law, do depose and state as follows:

1. I am Vice President of the Risk Management and Insurance Department of Wyndham Worldwide Corporation located in Parsippany, New Jersey, a position I have held since August 2006. I am responsible for overseeing and coordinating Wyndham's insurance portfolio.

2. Wyndham has a longstanding relationship with Aon, its insurance broker, beginning with the date of Wyndham's formation in July 2006 and continuing to the present day.

3. Wyndham hired Aon as its insurance broker due to its expertise in insurance-related matters to help coordinate its insurance portfolio. As such, Aon has knowledge with regard to insurance policies that may potentially provide coverage to Wyndham, including

23943/2
05/21/2010 14086390.1

the Golden Medallion Comprehensive Business Aircraft Policy (No. 1852800-05) issued by Illinois National Insurance Company.

4. On August 4, 2008 two employees of Wyndham Resort Development Corporation were involved in an airplane accident in Gearhart, Oregon (the "Accident").

5. Following the Accident, it was necessary for Wyndham to communicate with Aon to obtain information about its legal entitlement to insurance coverage in relation to anticipated litigation arising out of the Accident (the "Underlying Actions").

6. Accordingly, Wyndham communicated with Aon to discuss the Underlying Actions and insurance coverage issues. Such communications were made by or at the direction of attorneys in Wyndham's Legal Department and/or Wyndham's outside counsel. Part of my role was to relay the content of my communications with Aon to attorneys in Wyndham's Legal Department as directed.

7. It is my understanding that Wyndham has a duty to cooperate with its insurer, Berkley Aviation, to pursue additional coverage from other insurance companies, if available. Since the time of the Accident, Wyndham and Berkley have worked together to pursue any additional coverage available to Wyndham.

8. For Wyndham to comply with its duty to cooperate with Berkley, it was necessary for Wyndham to communicate with Aon regarding its legal entitlements to insurance coverage.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: May 21, 2010

James Iervolino