**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Wyndham*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM WORLDWIDE OPERATIONS, INC; et al.,<br><br>Defendants. | Civil Action No. 09-1724<br><br>**DECLARATION OF MICHAEL DAVID LICHTENSTEIN, ESQ.**<br><br>Document Electronically Filed |

I, Michael David Lichtenstein, Esq. of full age, being duly sworn according to law, do depose and state as follows:

1. I am an Attorney-at-Law of the State of New Jersey and a Member of Lowenstein Sander PC, attorneys for Defendants in the above referenced matter.

2. I offer this Declaration in support of Wyndham's Brief in Opposition to Illinois National's Motion for Reconsideration of the Magistrate Judge's May 14, 2012 Order.

3. A true and correct copy of the Managed Aircraft Endorsement attached to the 2008 Illinois National Policy (*i.e.*, the 2008 Endorsement) is attached hereto as **Exhibit A**. A copy of the entire 2008 Illinois National Policy issued to Wyndham will be provided to the Court upon request.

4. A true and correct copy of the Managed Aircraft Endorsement included within the 2007 Illinois National Policy that Illinois National issued to Wyndham for the period of April 1, 2007 to April 1, 2008 (i.e. the 2007 Endorsement) is attached hereto as **Exhibit B**.

5. A true and correct copy of Wyndham's counsel's August 24, 2011 Letter to the Honorable Madeline Cox Arleo, U.S.M.J. (without enclosure) is attached as **Exhibit C**.

6. A true and correct copy of Illinois National's counsel's August 30, 2011 letter to Judge Arleo responding to Wyndham's August 24, 2011 letter is attached as **Exhibit D**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: July 2, 2012

/s/ Michael David Lichtenstein
Michael David Lichtenstein

# Exhibit A

## MANAGED AIRCRAFT ENDORSEMENT

This policy is amended as follows:

1) Jet Aviation Business Jets, Inc. has entered into an Aircraft Management Agreement with the person(s) or organization(s) described below and referred to as "Insured Owner":

   Wyndham Worldwide Operations, Inc., Wyndham Worldwide Corporation & Bank of America, N.A., as Lessor
   7 Sylvan Way
   Parsippany, NJ 07054

   And/or any subsidiary (and/or subsidiary thereof).

2) The definition of Named Insured is extended to include the person(s) or organization(s) described in Item 1 of this endorsement.

3) The "Insured Owner" shall also include (A) any associated, affiliated or allied entity or organization actively controlled and managed by the "Insured Owner" (B) any other organization, entity or joint venture in which the "Insured Owner" has an interest, but only to the extent of such interest and (C) any other entity to which the "Insured Owner" has obligated itself by written agreement or required by municipal statute to provide insurance as is afforded by this policy. The insurance afforded by the additional "Insured Owners" included under the above shall be excess over any other valid and collectible insurance.

4) The insurance afforded by this policy for the interest of the "Insured Owner" described in Item 1. of this endorsement shall not be invalidated by any act or neglect of the Named Insured listed in Item 1 of the policy Declarations provided that the "Insured Owner" described in Item 1. of this endorsement did not consent to such act or neglect which would otherwise invalidate the insurance provided by this policy or that the "Insured Owner" described in Item 1. of this endorsement had no knowledge that such act or neglect to which they consented would invalidate the insurance provided by this policy.

   The insurance afforded by this policy for the interest of the Named Insured listed in Item 1 of the policy Declarations shall not be invalidated by any act of neglect of the "Insured Owner" described in Item 1. of this endorsement provided that the Named Insured listed in Item 1. of the policy Declarations did not consent to such act or neglect which would otherwise invalidate the insurance provided by this policy.

5) The insurance afforded by this policy for the interest of the "Insured Owner" described in Item 1. of this endorsement or the Named Insured (as fully described in Item 1 of the Declarations Page) is extended to other Aircraft insured under this policy but excluding any Non-Owned Aircraft unless such Non-Owned Aircraft is operated by or used at the direction of the Named Insured. Each "Insured Owner" shall have the same limits of liability for other Aircraft insured under this policy as is described in Item 8 below. However, the total liability of the Company for all damages, including damages for care and loss of services, because of Bodily Injury or Property Damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of liability stated in the declarations or Item 8 below as applicable to "each occurrence". The insurance afforded by this endorsement applies separately to each Insured against whom claim is made or suit is brought, except with respect to the limits of the Company's liability.

UNTX0186 (4/08) Page __1__ of Endorsement No. __2__

WYN000054

6) **Coverage M: Physical Damage Coverage for Scheduled Aircraft** is completed to read as follows:

| FAA Cert. Number | Make & Model | Year Built | Seats Crew / Pass | | Insured Value | Deductibles Not In Motion | | In Motion/ Ingestion |
|---|---|---|---|---|---|---|---|---|
| N801WW | Dassault Falcon 2000EX | 2003 | 3 | 10 | $ 26,000,000. | $ Nil | $ | Nil |

7) Ownership interest(s) in aircraft described in Item 6 of this endorsement is as follows:

   Lessor:   Bank of America, N.A. (as successor by merger to Fleet National Bank) ("Lessor")
             c/o Banc of America Leasing & Capital, LLC
             One Financial Plaza
             5th Floor
             Providence, RI  02903

   Lessee:   Not Applicable

   Lienholder:  Bank of America, N.A. (as successor by merger to Fleet National Bank) ("Lessor")
                c/o Banc of America Leasing & Capital, LLC
                One Financial Plaza
                5th Floor
                Providence, RI  02903

8) **PART I - LIABILITY COVERAGES** of the Declarations is completed to read as follows:

   Coverage A: Liability for Scheduled Aircraft

   $ 300,000,000.           Each Occurrence

UNTX0186 (4/08) Page  2  of Endorsement No.  2

WYN000055

**Coverage C: Liability Coverage for the Use of Non-Owned Aircraft**

    $300,000,000.        Each Occurrence

**Coverage F: Liability for the Use of Premises**

    $300,000,000.        Each Occurrence

**Coverage G: Liability for the Sale of Aircraft and Aircraft Products and Services**

    $300,000,000.        Each Occurrence

**Coverage H: Host Liquor Liability**

    $300,000,000.        Each Occurrence

**Coverage I: Liability Under Contractual Agreements**

    $300,000,000.        Each Occurrence

**Coverage J: Liability for the Operation of Mobile Equipment**

    $300,000,000.        Each Occurrence

9) Loss, if any, under **PART 3 - PHYSICAL DAMAGE COVERAGES** of this endorsement shall be adjusted with the **Named Insured** listed in Item 1. of the policy Declarations and made payable to the **Named Insured** listed in Item 1. of the policy Declarations and the "Insured Owner" described in Item 1. of this endorsement unless otherwise amended by endorsement to this policy.

All other provisions of this policy remain the same.

This endorsement becomes effective _____April 1, 2008_____ to be attached to and hereby made a part of Policy No. __GM 1852800-05__ issued to Jet Aviation International, Inc. And As Endorsed

By __Illinois National Insurance Company__

Endorsement No. _____2 (18)_____

Date of Issue _____May 20, 2008 (jl)_____

By _____
(Authorized Representative)

UNTX0186 (4/08) Page 3

WYN000056

# Exhibit B

## MANAGED AIRCRAFT ENDORSEMENT

This policy is amended as follows:

1) Jet Aviation Business Jets, Inc. has entered into an Aircraft Management Agreement with the person(s) or organization(s) described below and referred to as "Insured Owner":

   Wyndham Worldwide Operations, Inc., Wyndham Worldwide Corporation & Bank of America, N.A., as
   Lessor
   7 Sylvan Way
   Parsippany, NJ 07054
   And/or any subsidiary (and/or subsidiary thereof).

2) The definition of **Named Insured** is extended to include the person(s) or organization(s) described in Item 1 of this endorsement.

3) The "Insured Owner" shall also include (A) any associated, affiliated or allied entity or organization actively controlled and managed by the "Insured Owner" (B) any other organization, entity or joint venture in which the "Insured Owner" has an interest, but only to the extent of such interest and (C) any other entity to which the "Insured Owner" has obligated itself by written agreement or required by municipal statute to provide insurance as is afforded by this policy. The insurance afforded by the additional "Insured Owners" included under the above shall be excess over any other valid and collectible insurance.

4) The insurance afforded by this policy for the interest of the "Insured Owner" described in Item 1. of this endorsement shall not be invalidated by any act or neglect of Jet Aviation Business Jets, Inc. listed in Item 1 of the policy Declarations provided that the "Insured Owner" described in Item 1. of this endorsement did not consent to such act or neglect which would otherwise invalidate the insurance provided by this policy or that the "Insured Owner" described in Item 1. of this endorsement had no knowledge that such act or neglect to which they consented would invalidate the insurance provided by this policy.

   The insurance afforded by this policy for the interest of the Jet Aviation Business Jets, Inc. listed in Item 1 of the policy Declarations shall not be invalidated by any act of neglect of the "Insured Owner" described in Item 1. of this endorsement provided that the **Named Insured** listed in Item 1. of the policy Declarations did not consent to such act or neglect which would otherwise invalidate the insurance provided by this policy.

5) The insurance afforded by this policy for the interest of the "Insured Owner" described in Item 1. of this endorsement or Jet Aviation Business Jets, Inc. (as fully described in Item 1 of the Declarations Page) is extended to other **Aircraft** insured under this policy but excluding any **Non-Owned Aircraft** unless such **Non-Owned Aircraft** is operated by or used at the direction of Jet Aviation Business Jets, Inc. Each "Insured Owner" shall have the same limits of liability for other **Aircraft** insured under this policy as is described in Item 8 below. However, the total liability of the Company for all damages, including damages for care and loss of services, because of **Bodily Injury** or **Property Damage** sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of liability stated in the declarations or Item 8 below as applicable to "each occurrence". The insurance afforded by this endorsement applies separately to each **Insured** against whom claim is made or suit is brought, except with respect to the limits of the Company's liability.

UNTX0186 (4/07) Page __1__ of Endorsement No. __2__

6) Coverage M: Physical Damage Coverage for Scheduled Aircraft is completed to read as follows:

| FAA Cert. Number | Make & Model | Year Built | Seats Crew / Pass | | Insured Value | Deductibles Not In Motion | Deductibles In Motion/ Ingestion |
|---|---|---|---|---|---|---|---|
| N801WW | Dassault Falcon 2000EX | 2003 | 3 | 10 | $ 26,000,000. | $ Nil | $ Nil |

7) Ownership interest(s) in aircraft described in Item 6 of this endorsement is as follows:

Lessor: Bank of America, N.A. (ass successor by merger to Fleet National Bank) ("Lessor")
c/o Banc of America Leasing & Capital, LLC
One Financial Plaza
5th Floor
Providence, RI 02903

Lessee: Not Applicable

Lienholder: Bank of America, N.A. (ass successor by merger to Fleet National Bank) ("Lessor")
c/o Banc of America Leasing & Capital, LLC
One Financial Plaza
5th Floor
Providence, RI 02903

8) PART I - LIABILITY COVERAGES of the Declarations is completed to read as follows:

Coverage A: Liability for Scheduled Aircraft

   $300,000,000.           Each Occurrence

UNTX0186 (4/07) Page  2  of Endorsement No.  2 

WYN000375

**Coverage C: Liability Coverage for the Use of Non-Owned Aircraft**

$300,000,000. Each Occurrence

**Coverage F: Liability for the Use of Premises**

$300,000,000. Each Occurrence

**Coverage G: Liability for the Sale of Aircraft and Aircraft Products and Services**

$300,000,000. Each Occurrence

**Coverage H: Host Liquor Liability**

$300,000,000. Each Occurrence

**Coverage I: Liability Under Contractual Agreements**

$300,000,000. Each Occurrence

**Coverage J: Liability for the Operation of Mobile Equipment**

$300,000,000. Each Occurrence

9) Loss, if any, under PART 3 - PHYSICAL DAMAGE COVERAGES of this endorsement shall be adjusted with the Named Insured listed in Item 1. of the policy Declarations and made payable to the Named Insured listed in Item 1. of the policy Declarations and the "Insured Owner" described in Item 1. of this endorsement unless otherwise amended by endorsement to this policy.

All other provisions of this policy remain the same.

This endorsement becomes effective _____ April 1, 2007 _____ to be attached to and hereby made a part of Policy No. __GM 1852800-04__ issued to Jet Aviation International, Inc. And As Endorsed

By __Illinois National Insurance Company__

Endorsement No. _____2 (25)_____

Date of Issue _____May 9, 2007 (jn)_____

By _____ (Authorized Representative)

UNTX0186 (4/07) Page __3__

WXN000376

# Exhibit C



**Lowenstein Sandler**
ATTORNEYS AT LAW

**Michael David Lichtenstein**
Member of the Firm
Tel  973 597 2408
Fax  973 597 2409
mlichtenstein@lowenstein.com

August 24, 2011

**VIA ECF & FEDEX**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   **Illinois National Insurance Co. v. Wyndham Worldwide Operations, Inc., et al.
       Docket No. 09-1724**

Dear Judge Arleo:

This firm represents the Wyndham defendants ("Wyndham") in the referenced action. As Your Honor may know, the Court of Appeals has remanded this case to the District Court. We write to request a scheduling conference with the Court and to advise the Court how we envision discovery proceeding.

**BACKGROUND.**  Plaintiff Illinois National Insurance Co. ("Illinois National") commenced this lawsuit in April 2009 against Wyndham seeking a declaratory judgment that Wyndham is not entitled to insurance coverage for an airplane accident that occurred on August 4, 2008 in Gearhart, Oregon, as well as reformation of the 2008 Policy. The basis for Illinois National's claims is that it purportedly made a "mistake" prior to issuing the 2008 Policy, with the effect of providing coverage to Wyndham. Specifically, prior policies provided insurance coverage for non-owned aircraft operated by or used at the direction of "Jet Aviation," an aircraft maintenance company used by Wyndham. However, Illinois National replaced "Jet Aviation" with the defined term "Named Insured" in the 2008 Policy, the policy at issue here. Wyndham, along with Jet Aviation, is identified as a "Named Insured" in the policy.

Wyndham moved for summary judgment on the grounds that no mutual mistake existed between Wyndham, as a Named Insured, and Illinois National, among other arguments. The parties fully briefed the summary judgment motion and on August 23, 2010, Judge Brown granted summary judgment in Wyndham's favor.

Prior to summary judgment, Illinois National served discovery requests aimed at ascertaining Wyndham's intent and understanding under the 2008 Policy and prior policies. Specifically, Illinois National sought post-accident communications between and among Wyndham, its

Hon. Madeline Cox Arleo, U.S.M.J.  August 24, 2011
Page 2

insurer Berkley Aviation, Inc. (who provided coverage and defense for litigation arising from the accident), Robert Kern, Esq. (an attorney for Berkley), and Aon (Wyndham's insurance broker).[1] This privilege dispute resulted in extensive briefing to Your Honor. In addition, Wyndham also served discovery requests on Illinois National aimed at learning what corrective action, if any, Illinois National took to remedy its purported "mistake" as well as the procedures Illinois National employs to issue insurance policies generally and what procedures were employed for the 2008 Policy. Shortly before summary judgment was granted, Illinois National responded to Wyndham's discovery requests. The responses are, in Wyndham's view, deficient. As a result of the Court's summary judgment grant, the briefing before Your Honor and Illinois National's deficient discovery responses were rendered moot.

Illinois National appealed the Court's decision. After extensive briefing and oral argument, the Court of Appeals reversed, and remanded the case to the District Court. The decision is enclosed for the Court's convenience. The Court of Appeals stated that on remand the District Court "should evaluate Illinois National's and Jet Aviation's intent as well as Wyndham's argument that reformation may be inequitable due to negligence and because the remedy is sought after an accident." Illinois National v. Wyndham, No. 10-3833, Slip op. at 17 (3d Cir. Aug. 3, 2011).

**DISCOVERY IN THE DISTRICT COURT.** Although Wyndham respectfully disagrees with the Court of Appeals' reversal of the summary judgment grant, Wyndham is eager and ready to re-commence discovery in the District Court. Therefore, we respectfully request that the Court schedule a status conference to address open issues and enter a new discovery schedule.

As discussed, the discovery dispute briefing before Your Honor involved Illinois National's attempts to obtain privileged documents pertinent to Wyndham's intent. However, based on the Court of Appeals' direction that the District Court focus on "Illinois National's and Jet Aviation's intent," Wyndham's intent is not relevant to Illinois National's claims. Therefore, Wyndham submits that the discovery disputes before Your Honor are largely moot. We trust Illinois National will agree.

Wyndham will undertake to evaluate the deficiencies in Illinois National's discovery responses, which it served shortly before the summary judgment grant, that relate to the remaining issues in this case. Of course, Wyndham will "meet and confer" with counsel for Illinois National before undertaking any motion to compel.

Accordingly, Wyndham respectfully requests that the Court convene a status conference in order to fix new deadlines so that discovery may be completed as expeditiously (and reasonably) as possible.

---

[1] After entry of summary judgment in Wyndham's favor, counsel for Illinois National continued to seek documents it subpoenaed from Wyndham's defense counsel in the underlying actions

**Lowenstein Sandler**
ATTORNEYS AT LAW

Hon. Madeline Cox Arleo, U.S.M.J.　　　　　　　　　　　　　　　　　　August 24, 2011
Page 3

We thank Your Honor for your attention to this matter.

Respectfully submitted,

*Michael David Lichtenstein/EJ*

Michael David Lichtenstein

23943/2
08/24/11 18210144.3

Enclosures
cc:　Honorable Garrett E. Brown, U.S.D.J. (via FedEx and ECF)
　　　Andrew T. Houghton, Esq. (via ECF)
　　　Aaron F. Mandel, Esq. (via ECF)



Lowenstein
Sandler
ATTORNEYS AT LAW

# Exhibit D

ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Andrew T. Houghton*
212-898-4036
*andrew.houghton@sedgwicklaw.com*

August 30, 2011

*Via ECF and Federal Express*

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *Illinois National Insurance Company v. Wyndham Worldwide Operations, Inc., et al.*
    Case No. 2:09-cv-01724-GEB-MCA

Dear Magistrate Judge Arleo:

We represent Plaintiff Illinois National Insurance Company ("Illinois National") in the above-referenced matter. We received defendants' letter to Your Honor dated August 24, 2011.

Although the mandate of the Third Circuit Court of Appeals has not yet issued, and while we will not address defendants' recitation of this case which we view as inaccurate, we do wish to briefly address defendants' statement regarding the outstanding issues before Your Honor. Defendants suggest that the "discovery disputes before Your Honor are largely moot." This statement is incorrect.

Prior to the Court's decision on August 23, 2010 granting defendants' motion for summary judgment and motion to dismiss, and the subsequent appeal to the Third Circuit resulting in reversal of that decision, several issues regarding discovery sought by Illinois National were pending before Your Honor. These matters were fully briefed and were to be addressed at a hearing scheduled for June 24, 2010. That hearing was adjourned with no new date being set before the August 23 decision. The matters to be addressed included: (1) Illinois National's motion to compel production of documents identified in a privilege log and submitted in camera on May 21, 2010, as well as responses to a limited number of requests for admissions, briefed following the April 14, 2010 hearing; and (2) Illinois National's motion to compel submitted by letter dated May 26, 2010 and briefed by the parties, concerning additional privilege logs and other document production and interrogatory responses by defendants. Contrary to defendants' assertion that the foregoing discovery is moot, it in fact remains relevant to the defendants' argument that reformation is inequitable.

NY/750907v1

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court for the District of New Jersey
Re: *Illinois National Insurance Company v. Wyndham Worldwide Operations, Inc., et al.*
Augsut 30, 2011
Page 2

Accordingly, while a status conference would be useful, the first order of business would be to reset the June 24, 2010 hearing on Illinois National's pending discovery motions.

Respectfully submitted,

Andrew T. Houghton
Sedgwick LLP

cc: Michael David Lichtenstein, Esq. (via ECF)

NY/750907v1