**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM WORLDWIDE OPERATIONS, INC; WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; and, WYNDHAM RESORT DEVELOPMENT CORPORATION,<br><br>Defendants. | Civil Action No. 09-1724<br><br><br>**DECLARATION OF JAMES IERVOLINO** |

I, JAMES IERVOLINO, of full age, being duly sworn according to law, do depose and state as follows:

1. I am Vice President of the Risk Management and Insurance Department of Wyndham Worldwide Corporation located in Parsippany, New Jersey. I have been in that position since August 2006. In that position, I am responsible for overseeing and coordinating Wyndham's insurance portfolio.

2. I offer this Declaration in support of Defendants' Motion for Summary Judgment.

3. On August 4, 2008 Jason Ketcheson and Frank Toohey, both employees of Wyndham Resort Development Corporation, were involved in an airplane accident in Gearhart, Oregon (the "Accident").

23943/2
04/13/2010 14169358.1

4. Jason Ketcheson, a licensed pilot, rented a Cessna 172 aircraft from Aviation Adventures to travel with his passenger, Frank Toohey, to a business meeting in Oregon.

5. Shortly after take-off, the Cessna 172 piloted by Jason Ketcheson crashed into a house in Gearhart, Oregon.

6. The Accident resulted in the deaths of Jason Ketcheson, Frank Toohey, and three children vacationing in the house in Gearhart, Oregon. Three additional victims survived the Accident but suffered injuries. The house that the Cessna 172 crashed into was destroyed by a fire resulting from the crash. A neighboring house also caught fire and was damaged.

7. As a result of the Accident, victims (including their families and estates) and property owners have filed lawsuits against various Wyndham entities in state courts in Oregon and Florida (the "Underlying Actions").

8. Illinois National Insurance Company ("Illinois National") issued a Golden Medallion Comprehensive Business Aircraft Policy (No. 1852800-05) to Wyndham Worldwide Operations, Inc. and Wyndham Worldwide Corporation for the period of April 1, 2008 to April 1, 2009.

9. Wyndham requested that Illinois National provide insurance coverage for potential liability arising out of the Underlying Actions.

10. Illinois National has denied Wyndham's request for insurance coverage for the Underlying Actions.

11. It is my understanding that Wyndham paid premiums for the insurance policies provided by Illinois National, including the Policy, through Wyndham's agreement with Jet Aviation.

12. Wyndham did not have any involvement in the drafting or negotiation of the Policy and the revision to the Managed Aircraft Endorsement, including the replacement of "Jet Aviation Business Jets, Inc." with "Named Insured" in paragraph 5 of the Endorsement.

13.  Illinois National did not request any input from Wyndham regarding revisions and changes to the Policy, including the replacement of "Jet Aviation Business Jets, Inc." with "Named Insured" in paragraph 5 of the Endorsement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: April 12, 2010

James Iervolino