**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>WYNDHAM WORLDWIDE OPERATIONS, INC; WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; and, WYNDHAM RESORT DEVELOPMENT CORPORATION,<br><br>Defendants. | Civil Action No. 09-1724<br><br><br>**DECLARATION OF MARCUS A. BANKS, ESQ.** |

I, MARCUS A. BANKS, ESQ., of full age, being duly sworn according to law, do depose and state as follows:

1. I am an Attorney-at-Law of the State of New Jersey.

2. I am Group Vice President - Legal of Wyndham Worldwide Corporation located in Parsippany, New Jersey. I have been in that position since March 2007 (at least at my current title)

3. On August 4, 2008 two employees of Wyndham Resort Development Corporation were involved in an airplane accident in Gearhart, Oregon (the "Accident").

4. At the time of the Accident and thereafter, I anticipated that litigation relating to the Accident was likely forthcoming.

5. Berkley Aviation ("Berkley") provides non-owned aircraft insurance coverage to Wyndham Worldwide through the Corporate Contingent Aviation Liability Policy (No. BA08N1038S) (the "Policy").

6. On or about August 5, 2008 Wyndham placed Berkley on notice of the Accident.

7. On or about August 6, 2008 Berkley accepted its duty to defend Wyndham under the Policy, without reservation, in lawsuits arising out of the Accident (the "Underlying Actions").

8. I recognize that Wyndham, as Berkley's insured, has a duty to assist and cooperate with Berkley to pursue potential additional insurance coverage. Since the time of the Accident, Wyndham and Berkley have worked together to pursue additional coverage.

9. Section IV of the Policy provides that the insured "must cooperate with us in any way relating to your rights and ours under this Policy. Cooperation includes but is not limited to . . . your [Wyndham's] assistance in the enforcement of our rights against any person or organization who/that may be liable to you because of loss or damage for which this Policy provides insurance."

10. Since the time Berkley accepted its duty to defend, the interests of Berkley and Wyndham have been aligned.

11. Since the date of the Accident, I have communicated with Berkley to assist in the coordination of Wyndham's legal defense in the Underlying Actions and with Berkley's attorney, Robert Kern, Esq. in cooperation of our efforts to obtain any additional insurance coverage afforded to Wyndham in connection with the Accident.

12. I have also been involved in coordinating Wyndham's legal defense in Illinois National Insurance Co. v. Wyndham Worldwide Operations, et al., Docket No. 09-1724, filed in United States District Court for the District of New Jersey (the "Illinois National Lawsuit") with Berkley and Robert Kern, Esq.

13. Since the date of the Accident, employees of Wyndham have, at my direction and at the direction of other attorneys in Wyndham's Legal Department, communicated with Berkley and Robert Kern, Esq. to coordinate Wyndham's legal defense in the Underlying Actions and to address issues of additional insurance coverage.

14. At all times after the Accident, I and other attorneys in Wyndham's Legal Department expected communications between Wyndham and Berkley (including Robert Kern, Esq.) relating to the Underlying Actions, including coverage issues, would remain confidential and privileged.

15. Berkley continues to be involved in the defense of the Underlying Actions and the Illinois National Lawsuit. Berkley is (and was) paying all of Wyndham's legal expenses in the Underlying Actions and the Illinois National Lawsuit.

16. Wyndham hired Aon as its insurance broker to coordinate its insurance portfolio. Aon was hired due to its expertise in insurance-related matters.

17. All of Wyndham's communications with Aon relating to the Accident were either made by me, at my direction, or at the direction of other attorneys in Wyndham's Legal Department in anticipation and support of litigation and I expected that they would remain privileged and confidential.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and correct.

Dated: April ___, 2010

Marcus A. Banks, Esq.