

**Michael David Lichtenstein**
Member of the Firm
Tel 973 597 2408
Fax 973 597 2409
mlichtenstein@lowenstein.com

September 7, 2012

**VIA ECF & FACSIMILE**

Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
District of New Jersey
M.L. King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> **Re:** Illinois National Insurance Co. v. Wyndham Worldwide Operations, Inc., et al.
> Civil Action No. 09-1724

Dear Judge Arleo:

This firm represents the Wyndham entities in the referenced matter. We write in advance of the September 10, 2012 telephone conference with the Court and in response to Illinois National's September 6, 2012 letter. In that letter, Illinois National requests an extension of fact discovery to January 18, 2013 and also identified outstanding discovery issues.

Wyndham agrees that an extension of fact discovery is necessary, but opposes an extension of over three months to January 18, 2013 as excessive and unnecessary. Instead, Wyndham proposes a November 1, 2012 fact discovery deadline, with the remaining deadlines pushed forward by 30 days. With respect to the affect of depositions on Illinois National's proposed schedule, we do not understand that Illinois National is waiting for documents (that are the subject of disputes between the parties) before proceeding with depositions. As a result, neither outstanding depositions nor Judge McNulty's eventual ruling on Illinois National's objections to Your Honor's May 14, 2012 order necessitate a three-plus month extension.

In addition, Wyndham has responded to Illinois National's letters of August 27, August 29, August 31, and September 4, 2012 with regard to purported discovery deficiencies and disputes. (*See* Ex. A.) Wyndham is prepared to meet and confer with Illinois National to resolve these issues to avoid judicial intervention.

Respectfully submitted,

*Michael David Lichtenstein /s/*

Michael David Lichtenstein

---

**Lowenstein Sandler PC**    In California, Lowenstein Sandler LLP        www.lowenstein.com

65 Livingston Avenue   Roseland, NJ 07068   Tel 973 597 2500   Fax 973 597 2400      New York   Palo Alto   Roseland

Hon. Madeline Cox Arleo, U.S.M.J.  September 7, 2012
Page 2

23943/2
09/07/12 21508522.1

Enclosure
  cc:    Andrew T. Houghton, Esq. (via ECF)
           Aaron Mandel, Esq. (via ECF)
           Eric Jesse, Esq. (via ECF)



# Exhibit A



**Eric Jesse**
Associate
Tel  973 597 2576
Fax  973 597 2577
ejesse@lowenstein.com

September 7, 2012

**VIA E-MAIL & REGULAR MAIL**

Andrew T. Houghton, Esq.
Sedgwick LLP
125 Broad Street, 39th Floor
New York, New York 10004

Re:  **Illinois National Insurance Co. v. Wyndham Worldwide Operations, Inc.
Docket No. 09-1724**

Dear Andrew:

We write regarding your August 27, August 29, August 31, and September 4, 2012 letters. Our response to each letter is addressed separately below.

**August 27, 2012 Letter.**  In that letter Illinois National claims a deficiency in Wyndham's August 23, 2012 privilege log and production of documents relating to the Underlying Actions and in response to a subpoena to third-party Berkley.

With respect to Wyndham's August 23 Privilege Log, the redacted document to which Illinois National appears to be referring to is WYN1677. The redacted information is privileged but non-responsive to Illinois National's document requests and will not be logged.

Illinois National's claimed deficiency relating to the Underlying Actions and the 2010 Berkley subpoena is stale, and in any event encompasses irrelevant documents. These complaints are brand new even though the purported deficiencies are over two years old. Wyndham made a production of documents from the Underlying Actions on May 17, 2010 and produced Berkley's underwriting files on June 4, 2010. Since that time, the parties have held several meet and confer telephone conferences and exchanged numerous letters regarding discovery deficiencies; Illinois National has argued before the Court on several occasions and in numerous letter briefs that it is entitled to various categories of documents. But, in two plus years, Illinois National has not raised the purported deficiencies now claimed.

The only reason for Illinois National to manufacture discovery disputes seeking irrelevant documents this late in the litigation and on the eve of the close of discovery is to use such purported deficiencies to justify a second round of depositions of Wyndham witnesses; to challenge the reasonableness of the confidential settlements in the Underlying Actions (that it

Andrew T. Houghton, Esq.  
Page 2

September 7, 2012

recently received in Wyndham's August 23, 2012 production)[1]; to go on a fishing expedition for discovery in *StarNet Insurance Co. v. Illinois National Insurance Co.*, pending in the Northern District of Illinois; or as Illinois National's August 29 letter suggests, to justify adjourning the end of fact discovery by over three months. These motives are improper and only serve to needlessly increase the costs of discovery.

Furthermore, the documents that Illinois National seeks are wholly irrelevant to the issues in this coverage action. The pertinent issues are whether the 2008 Policy says what Illinois National wants it to say, that Wyndham is not a "Named Insured" as that term is used in ¶ 5 of the Managed Aircraft Endorsement; whether Illinois National can reform the Policy based on its and Jet Aviation's intentions; whether Illinois National was negligent or worse in drafting and issuing the 2008 Policy; and whether the policy can be reformed after the Accident. Pleadings, motions, and depositions from the Underlying Action have absolutely no bearing on that issue. The same is true for the documents sought in the Berkley subpoena (which in many respects is duplicative of documents already produced in this action or logged on Wyndham and Berkley's privilege logs). If Illinois National requires these Berkley documents for the contribution action in Illinois Federal Court, it should make the request in that action.

In addition, the documents from the Underlying Action that Illinois National seeks are public court documents and are accessible to Illinois National. It wants these documents (that are irrelevant to this action) it can go get them.

To the extent Illinois National's ploy in raising two year old purported deficiencies is to be able to justify recalling Wyndham's witnesses for a second round of depositions, we remind Illinois National of Judge Arleo's admonition that "if you're going to take a deposition without all the documents you want, you do it at your own risk." (April 14, 2010 Hr'g Tr. 47.)

**August 29, 2012 Letter.** In this letter, Illinois National requests that discovery be extended until January 18, 2012. While we agree that an extension is necessary, an extension of more than three months is excessive. We propose a one-month extension to the current discovery deadlines.

**August 31, 2012 Letter.** Illinois National claims purported deficiencies in Wyndham's responses to Illinois National's third set of RFAs; third set of interrogatories; and second set of document requests.

    RFA No. 1, 12. These requests concern Wyndham's understanding of the Aircraft Management Services Agreement with Jet Aviation. Wyndham's responses are appropriate

---

[1] Having wrongfully abdicated its coverage and defense obligations (despite request for Illinois National's participation), Illinois National has no basis to challenge the settlements' reasonableness.

**Lowenstein Sandler**  
ATTORNEYS AT LAW

Andrew T. Houghton, Esq.  
Page 3

September 7, 2012

because it is admitting precisely what its understanding is with respect Jet Aviation's obligation to obtain insurance coverage.

<u>RFAs Nos. 4-6; 8.</u> These requests for admission ask Wyndham to make admissions with respect to the intentions of other parties, not of Wyndham's understanding. As a result, Wyndham properly objected to these RFAs because discovery is ongoing and Wyndham is entitled to undertake discovery with respect to these third-parties. In particular, Wyndham is entitled to take depositions of Jet Aviation and other Illinois National witnesses that could contradict the admissions Illinois National seeks. Requests for admission do not require Wyndham to make assumptions or take Illinois National's word.

<u>Interrogatory No. 11.</u> Wyndham has already served privilege logs.

<u>Document Request No. 3.</u> There are no documents responsive to this request.

**September 4, 2012 Letter.** In this letter, Illinois National demands each and every document on Wyndham's August 23, 2012 privilege log. These communications are classically privileged documents; they are communications to or from Wyndham's in house attorneys; they were made immediately after the accident; and they were prepared at the direction of attorneys. As a result, Wyndham will not produce these documents.

<u>Tabs 1-2; 5; 10.</u> These e-mails were sent to Wyndham's general counsel on August 4 and 5, 2008 – the day of and after the accident -- and provide background information on the accident, passengers, and Aviation Adventures. The information contained therein is information that an attorney needs to obtain from its client to prepare for and defend the certain litigation that would follow.

<u>Tabs 3-4; 6-9.</u> These e-mails were also prepared immediately following the accident and were sent to Wyndham's in-house counsel and were prepared at their request. These e-mails were necessary so Wyndham attorneys could understand that insurance coverage that was available to defend and indemnify Wyndham for litigation that was certain to follow the Accident. The e-mails also include exchanges between Wyndham employees and in-house counsel with respect to Wyndham's right to and the availability of coverage.

<u>Tab 11.</u> This e-mail, sent by counsel to Wyndham employees, provides direction to employees on the proper procedure for addressing issues or inquiries relating to the Accident.

**<u>Illinois National's Noticed Depositions</u>.**

As I indicated in my August 31, 2012 e-mail, Jeffrey Cohen, Esq. is available for deposition in Orlando, Florida on September 28, 2012. In addition, Wyndham's Rule 30(b)(6) witness(es) is



Andrew T. Houghton, Esq.  
Page 4

September 7, 2012

available for deposition on October 9, 2012. We are still coordinating dates with the other individuals Illinois National noticed.

Be advised that Wyndham will continue to maintain the same positions with respect to privilege issues and will object to questions that seek to invade privileged communications.

Best regards,

Eric Jesse

23943/2
09/07/12 21462734.1
cc:     Aaron F. Mandel, Esq. (via e-mail)
        Michael D. Lichtenstein, Esq. (via e-mail)

