UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ILLINOIS NATIONAL INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**WYNDHAM WORLDWIDE OPERATIONS, INC.; WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; AND WYNDHAM RESORT DEVELOPMENT CORPORATION,**<br><br>Defendants. | Civ. No. 2:09-01724 (KM)(MCA)<br><br>**MEMORANDUM OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

Plaintiff Illinois National Insurance Company brings this action seeking a declaratory judgment that a 2008 plane crash did not trigger coverage for Wyndham Worldwide Operations, Inc., Wyndham Worldwide Corp., Wyndham Vacation Ownership, Inc., or Wyndham Resort Development Corp. (collectively "Wyndham" or "Defendants") under an aircraft fleet insurance policy that Illinois National issued to Jet Aviation Business Jets, Inc. ("Jet Aviation"). In August 2010, Chief Judge Brown granted Wyndham's summary judgment motion, concluding that the Illinois National policy did provide coverage for the accident and that Illinois National was not entitled to reformation.[1] In August 2011, the Third Circuit held that "the District Court applied the incorrect test for mutual mistake," reversed Judge Brown's order, and remanded the case for further proceedings. This matter comes before the Court on Illinois National's appeal of Magistrate Judge Arleo's May 14, 2012 Order denying Illinois National's motion to compel production of certain documents on Wyndham's privilege log.

For the reasons set forth below, Plaintiff's appeal is **DENIED** and Magistrate Judge Arleo's order is affirmed.

---

[1] In November 2011 this case was reassigned to District Judge Cecchi. In August 2012 the case was again reassigned to me.

1

## I. BACKGROUND

Because the Court writes only for the parties, this Memorandum Opinion is limited to matters essential to the resolution of the motion. For more than two years the parties have been engaged in a dispute concerning approximately forty (40) documents over which Wyndham asserts various forms of privilege. Illinois National maintains that the documents are not privileged and are relevant to determining Wyndham's coverage expectations under the Illinois National policy. On May 14, 2012, Magistrate Judge Arleo, without conducting a privilege review, denied Illinois National's motion to compel production of the documents. Rather, Judge Arleo ascertained from counsel for Illinois National that he sought the documents in order to determine whether Wyndham expected to have coverage and detrimentally relied on such coverage. That information, she ruled, could be acquired by other means, without undertaking a burdensome privilege review. Moreover, at the hearing on Illinois National's motion to compel, counsel for Wyndham conceded on the record that Wyndham did not detrimentally rely on the Illinois National policy. (*See* April 26, 2012 Hr'g Tr. 7:3-14.) Accordingly, despite doubts about whether discovery concerning Wyndham's coverage expectations was appropriate at all in light of the Third Circuit's decision, Judge Arleo nevertheless allowed limited discovery on that topic through interrogatories, RFAs, and depositions.

Illinois National argues that Magistrate Judge Arleo's decision to bypass Wyndham's privilege claims effectively allowed a blanket assertion of privilege, and therefore was contrary to law. (Pl. Mem. at 9-10.) Additionally, Illinois National contends that even if Magistrate Judge Arleo had conducted a privilege review and found the asserted privileges to apply, the communications would still be discoverable "because there is a legitimate need for the only sources of Wyndham's contemporaneous and candid view of the availability of coverage under the Illinois National policy." (*Id.* at 13.) Finally, Illinois National maintains that Magistrate Judge Arleo erred in interpreting the Third Circuit's opinion remanding this case, and that this alleged error provides a basis to require the production of the disputed documents. (*Id.* at 13-15.)

## II. LEGAL STANDARD

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998*); Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset

and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997)(internal quotations omitted); *see Deluccia*, 2012 WL 909548, at *1 (same). Abuse of discretion review, of course, may get us to much the same place; as a practical matter it incorporates plenary review of legal questions. *See Koon v. United States*, 518 U.S. 81, 100 (1996).

### III.  DISCUSSION

Magistrate Judge Arleo did not err or abuse her discretion in precluding Illinois National from obtaining documents over which Wyndham asserts privilege. Based on common sense, her familiarity with the case, and certain statements of counsel, she determined that other simple and straightforward discovery mechanisms will allow Illinois National to obtain the same information. Illinois National spills considerable ink arguing why Wyndham's coverage expectations are relevant. Assuming for the purpose of this decision that Wyndham's view of the availability of coverage under the Illinois National policy is relevant, Plaintiff fails to cite any binding authority for the proposition that it is an abuse of discretion for a Magistrate Judge to manage how discovery of that information is obtained. That Plaintiff would have preferred Judge Arleo to conduct a privilege review does not rise to the level of reversible error, particularly because she allowed Illinois National to serve written discovery (interrogatories and RFAs) and take depositions directed at the same information.

Magistrate Judge Arleo acted well within her discretion. Her practical ruling allowed Illinois National to take discovery on the information it contends it needs while avoiding a protracted privilege review and preserving judicial resources.

### IV.  CONCLUSION

For the reasons stated above, Illinois National's appeal of Magistrate Judge Arleo's Order of May 14, 2012, denying its motion to compel is **DENIED**. An appropriate order follows.

_____
**KEVIN MCNULTY, U.S.D.J.**

**Date: October 5th, 2012**